No. 107.—Solomon F. Williams, administrator, plaintiff in error, *vs.* David A. Philpot and another, defendants.

[1.] If the answer swears off the equity of the bill, a verdict for the defendant ought to stand, unless the answer is contradicted by more evidence than that of a single witness.

In Equity, in Heard Superior Court. Tried before Judge Bull, May Term, 1855.

This bill was filed by Williams as administrator of Oliver M. Porter, against David Philpot, and set forth that said intestate, when in life, became security for one Green B. Mc|

Donald on fourteen promissory notes of thirty dollars each, to the said Philpot.

The bill charged, that the money was loaned to McDonald at usurious interest; and also, that after the giving the notes, Philpot took a deed from McDonald for certain lots of land; and in consideration thereof, agreed to wait with said notes until he could sell said land, and apply the proceeds to the payment thereof. The bill charged that Philpot had now sued the complainant in the Justice's Court, and that he had no means of proving portions of his defence, except by a resort to the conscience of defendant. The bill prayed injunction, discovery and relief.

The answer of defendant denied the usury, and denied any contract with McDonald to give him time on said notes.

There was also a charge in the bill, that complainant had given notice to Philpot to sue on said notes, which he had failed to do within the time prescribed by the Statute. The answer denied any such notice.

On the trial, complainant proved the giving the deed from McDonald to Philpot, and an agreement between them that Philpot would sell the same and apply the proceeds to said notes.

GREEN B. McDONALD testified: That the agreement was, that Philpot would sell the land and apply the proceeds to the notes; and also, that he would indulge McDonald on said notes, until he could make the sale.

The Court charged the Jury, that if they believed from the evidence, that any change had been made in the original contract, by which time had been given or additional security taken, they must find for complainant.

The Jury found for defendant; whereupon, complainant moved for a new trial, on the ground that the Jury found contrary to the charge of the Court, and contrary to equity and to the evidence in the cause.

The motion for a new trial was over-ruled by the Court; and on this decision error is assigned.

Tompkins *vs.* Williams.

G. J. WRIGHT, for plaintiff in error.

MABRY, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Was the Court below right in refusing a new trial?

The answer positively denies the equity of the bill; and an answer is good until met by the evidence of two witnesses, or of one aided by circumstances.

In this case the answer was met by the evidence of McDonald only—by the evidence of but a single witness.

We cannot say, therefore, that we think the Court was wrong in refusing a new trial.